UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LONNIE EARL ANDERSON,<br><br>Defendant. | Case No. 2:18-cr-00094-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Lonnie Earl Anderson's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) (Compassionate Release). Dkt. 44. The Government opposes the motion. After considering the briefing and record, the Court will deny the motion.

# BACKGROUND

In July 2018, Anderson pled guilty to possession with intent to distribute methamphetamine. Roughly six months later, on January 23, 2019, this Court sentenced him to 48 months' incarceration. At the time of that January sentencing, Mr. Anderson had two unresolved state charges: In December 2018 – a few weeks before his federal sentencing hearing – the State of Washington charged Mr.

MEMORANDUM DECISION AND ORDER - 1

Anderson with possession of a stolen firearm and unlawful possession of a firearm. *See Dec. 3, 2018 Information, Ex. A Gvt. Response,* Dkt. 45-1.[1] The State information was filed on December 3, 2018 and a bench warrant issued on December 28, 2018. Anderson explains that he failed to appear in state court because he was being detained on the federal charges in this case. *See Reply,* Dkt. 46, at 8 n.5.

Anderson began serving his sentence in April 2018 and he reports that BOP was planning to release him to a Residential Reentry Center in May 2020. He says that as that date drew near, Whitman County lodged a detainer with BOP, which derailed his release plan. *See Mtn. Mem.*, Dkt. 44, at 2. Defendant argues that "[n]obody wants Mr. Anderson to stay in BOP custody based on this [Whitman County] warrant and its associated case." *Id.* He says that by granting him a compassionate release, this Court could cut through the bureaucratic red tape and get his release plan back on track.

The government, however, is not on board. The government argues that granting compassionate release under these circumstances would set a bad

---

[1] The conduct underlying the federal offense in this case occurred in December 2017. Mr. Anderson was arrested on these federal charges in April 2018. The state information indicates that Mr. Anderson's conduct related to the firearms occurred between January 1 and September 1, 2018.

**MEMORANDUM DECISION AND ORDER - 2**

precedent. The government says Mr. Anderson should instead deal with his state charges in accordance with the Interstate Agreement on Detainers Act. The Whitman County prosecutor had offered to do precisely that. Since the filing of this motion, Mr. Anderson has, in fact, resolved his state charges. He recently appeared in Washington Superior Court in Whitman County and was sentenced to time served for one count of unlawful possession of a firearm. *See Dec. 18, 2020 Judgment,* Dkt. 51. Mr. Anderson is still seeking a compassionate release, however.

## DISCUSSION

**1. The Governing Legal Standard**

Anderson seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the Court engages in a three-step process. First, the Court must consider the 18 U.S.C. § 3553(a) factors. Second, the Court must find that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i), and that such a reduction "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). Third, the Court must find

that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

2. Analysis

Mr. Anderson has exhausted his administrative remedies and the motion is properly before the Court. The Court is not persuaded, however, that Mr. Anderson should be granted a compassionate release. Most significantly, the Court is wary of using a compassionate-release motion as a mechanism for cutting through the BOP's alleged bureaucratic red tape.

Regarding step one, the Court will assume, without deciding, that Anderson's health conditions present extraordinary and compelling reasons for reducing the term of imprisonment.

Moving to step two, application of the § 3553(a) factors do not support a sentence reduction. These factors consider such things as: (1) the characteristics of the defendant; (2) the nature of the offense; and (3) various penological goals, such as the need to promote respect for law and to protect the public. The Court carefully considered each of these factors in imposing Mr. Anderson's 48-month, below-guidelines sentence in this case. The Court has again reviewed these factors in considering this motion. All of those factors will not be repeated here, but, briefly: The offense for which Mr. Anderson is currently incarcerated was a serious

MEMORANDUM DECISION AND ORDER - 4

offense, involving a significant quantity of a dangerous controlled substance. He was convicted of possessing with intent to sell over 100 grams of actual methamphetamine. His criminal history is extensive: He has several felony convictions and admitted that his primary source of income was from selling controlled substances. These factors concern the Court and weigh against an early release.  Granted, Defendant has performed well in prison – and the Court commends him for that – but that does not overcome the weight of Defendant's prior conduct and the need for a sentence sufficient but not greater than necessary persuade the Court that application of the § 3553(a) factors weigh in favor of a release. Likewise, based on the record in the case, Court cannot find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Rather, the Court believes this defendant should serve out the remainder of his sentence. Further, the Court is not inclined to upset the BOP's plan of placing Mr. Anderson in a residential reentry center before he is released to supervision. Even though that plan was delayed because Mr. Anderson needed to deal with his state charges, the Court is persuaded by the government's argument that the more appropriate way to resolve that particular issue was through Interstate Agreement on Detainers Act, rather than via a motion for compassionate release.  The Court will therefore deny the pending motion.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

**IT IS ORDERED** that Lonnie Earl Anderson's Motion for Compassionate Release (Dkt. 44) is **DENIED.**

DATED: March 1, 2021

_____
B. Lynn Winmill
U.S. District Court Judge